| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOLLY L. HEISE,<br><br>Defendant. | Criminal No. 07-213 (JRT/JJG)<br>Civil No. 09-2305 (JRT)<br><br>**MEMORANDUM OPINION AND<br>ORDER DENYING § 2255 MOTION** |

David J. MacLaughlin, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Molly L. Heise, # 14794-041, Federal Correctional Institution, P.O. Box 1731, Unit B, Waseca, MN 56093, defendant *pro se*.

Defendant pleaded guilty to one count of engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957, and the Court sentenced her to 70 months imprisonment. This matter is before the Court on defendant's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (Docket No. 104.) Defendant argues that she received ineffective assistance of counsel during the sentencing phase of her criminal case when her attorney failed to object to certain statements in the Presentence Investigation Report. For the reasons stated below, the Court denies the motion.

## BACKGROUND

On June 19, 2007, Molly L. Heise was indicted on six counts, which alleged that Heise stole almost $4 million from clients of her mortgage closing company. (Docket Nos. 1, 23; *see also* Gov't's Resp. to Def.'s Mot. Under 28 U.S.C. § 2255 at 1, Docket No. 106.) Pursuant to the Criminal Justice Act, the Court appointed counsel from the Office of the Federal Defender to represent her. (Docket No. 5.) At arraignment on June 26, 2007, Heise pleaded not guilty on all counts. (Docket No. 7.) A conflict arose with Heise's originally appointed counsel, and the Court then appointed John Hughes, a member of the Criminal Justice Act Conflicts Panel, to represent Heise. (*See* Docket Nos. 11, 12, 15.) A superseding indictment was filed on August 22, 2007, adding four additional counts against Heise to the original indictment, and she was arraigned on September 4, 2007. (Docket Nos. 23, 26.) A second superseding indictment was filed on October 16, 2007, adding eleven additional counts against Heise. (Docket No. 64.)

On February 20, 2008, Heise changed her plea to guilty on Count 6 of the second superseding indictment, which alleged that Heise violated 18 U.S.C. § 1957 by engaging in monetary transactions in property derived from specified unlawful activity. (Docket Nos. 79, 96.) On May 2, 2008, the United States Probation Office submitted a Presentence Investigation Report ("PSI Report") to the Court. For purposes of Heise's motion, the relevant portion of the PSI Report appears to be Paragraph 78, which states:

> In 1998, Molly Heise's cousin, Michael Schneider, hired Heise to close residential real estate transactions for a company called Northwest Title. In her capacity as a closer for Northwest Title, Heise had access to lender monies held in escrow accounts at Northwest Title. After she had been at Northwest Title for approximately six months, Heise began

> misappropriating escrowed funds. She purchased an automobile with some of the funds and transferred additional funds to accounts controlled by her husband and son. Upon being accused of the misappropriations, Heise sued Schneider and others for defamation. However, Schneider retained counsel who investigated the thefts and proved that Schneider's accusations were true. Heise then stipulated to a dismissal of her defamation suit.

On August 8, 2008, Hughes filed a sentencing position memorandum that did not mention this paragraph. (Docket No. 90.) At the sentencing hearing on August 19, 2008, Hughes did not object to the factual conclusions of the PSI Report. Heise spoke at sentencing and did not raise any concerns about the PSI Report.

The Court sentenced Heise to 70 months in custody (a sentence in the bottom half of the guideline range), three years supervised release, a $100 special assessment, and $3,936,875.70 in mandatory restitution. (Docket Nos. 95-96.) The Court granted the United States' motion to dismiss the remaining counts. (Docket No. 96.) The docket reflects that the Court entered judgment on August 26, 2008. (Docket No. 96.) Heise did not appeal her conviction or her sentence. (Docket No. 104 at 3.)

On August 31, 2009, Heise filed a *pro se* motion to vacate her sentence under 28 U.S.C. § 2255. (Docket No. 104.) Heise states that she does not intend "to withdraw or adjust [her] plea," but instead simply requests that the Court reduce her sentence. (*Id.* at 13-14.) The sole basis for Heise's motion is ineffective assistance of counsel. (*Id.* at 5.) She states:

> Attorney did not supply me with a copy of the PSI during the 14 day period allowed to make objections to the findings. I was provided a copy and objected to all of it's [sic] content. The gentleman whom was interviewed gave false and defam[a]tory information to the Parole officer Ms. Valento. I had pursued a civil action against the individual in 2002 at great expense to myself to stop the action. It was my contention then and still is that such

> defamatory statements were made for the sole purpose to cover up the actions of mortgage fraud that he was aware I had evidence of. When I read the report I contacted Mr. Hug[h]es immediately to object and he told me he would make sur[e] that happened. It never happened as it was already past the time to object. This failure on his part allowed the PSI to be presented to the Judge as it was. The Judge relied on false information while making his decision as to the length of my sentence. I believe this failure denied me of my right to a proper judgment.

(Docket No. 104 at 5.) She adds that she "was unaware that" Hughes "had never objected to the PSI, he never provided me a final copy, never discussed the final outcome of co-defendant, which I believe had an impact on my sentence and to date has not even taken the time to provide me the final judgment." (*Id.*)

## ANALYSIS

**I.  Motion to Vacate Sentence**

Section 2255 provides persons in federal custody a limited opportunity to collaterally attack the constitutionality or legality of the sentence and conviction prescribed by the Court. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Embrey v. Hershberger*, 131 F.3d 739, 740 (8th Cir. 1997). Heise's claim that she received ineffective assistance of counsel is properly raised in a § 2255 motion.[1] *United*

---

[1] The government does not dispute that Heise's motion was timely filed. Absent one of the statutory exceptions, she was required to file her petition within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Judgment was entered on August 26, 2008. Because Heise did not appeal her conviction or sentence, the judgment of her conviction became final upon the expiration of the time for seeking direct review. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Heise had ten days to file a notice of appeal, and the judgment of her conviction therefore became final on September 5, 2008. *See* Fed. R. App. P. 4(b)(1)(A)(i). She filed her § 2255 motion on August 31, 2009, within the one-year period.

*States v. Summage*, 575 F.3d 864, 878 n.5 (8th Cir. 2009). Heise did not appeal her conviction or sentence, however, and the failure to raise an issue on direct appeal generally constitutes a procedural default barring a defendant from raising the issue for the first time in a § 2255 motion. *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). "This procedural default may be excused only if the petitioner can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." *Id.* (internal quotation marks omitted). Even assuming that Heise's claim of ineffective assistance of counsel during the sentencing phase constitutes cause and prejudice excusing an otherwise procedurally defaulted claim, *see Boysiewick v. Schriro*, 179 F.3d 616, 619 (8th Cir. 1999); *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005); *see also Boyd v. Minnesota*, 274 F.3d 497, 501 (8th Cir. 2001), Heise cannot prevail on the merits of her claim.

To succeed on a Sixth Amendment ineffective assistance of counsel claim, Heise "must show that (1) her trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence; and (2) the deficient performance prejudiced [her] defense." *Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (internal quotation marks omitted; alteration in original); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Under the first element, there is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (internal quotation marks omitted). If the first element is satisfied, "the second element of prejudice requires a reasonable probability that, but for a counsel's unprofessional errors,

the result of the proceeding would have been different." *Id.* (internal quotation marks omitted).

First, Hughes's performance falls within the wide range of professionally reasonable assistance. If Hughes had objected to Paragraph 78 of the PSI Report, the government would have had the opportunity to prove the substance of the allegations by a preponderance of the evidence in an evidentiary hearing. *Cf. Garrett v. United States*, 78 F.3d 1296, 1305 (8th Cir. 1996). The Register of Actions for Hennepin County District Court reflects that in May 2003, Heise filed a civil suit against American Family Mortgage Inc. and several individual defendants, including Michael Schneider. *Heise v. Am. Family Mortgage Inc.*, No. 27-CV-03-7326 (Minn. Dist. Ct. May 7, 2003). The Register of Actions further reflects that Heise voluntarily dismissed the action on March 4, 2004. Hughes's decision not to delve into this collateral matter – including a defamation claim Heise had voluntarily abandoned more than four years prior – was not objectively unreasonable. Hughes was acting well within the discretion of competent counsel when he elected not to highlight the issue of whether Heise had previously misappropriated escrowed funds, particularly where the PSI Report concluded that Heise had zero criminal history points. Further, because Hughes "could have reasonably determined that objecting to the PSI [Report] would serve no purpose," Heise cannot satisfy the first element of ineffective assistance of counsel. *Cf. Garrett*, 78 F.3d at 1305.

Second, even assuming that counsel's performance does not satisfy the objective standard of reasonable competence, there is no reasonable probability that if counsel had objected to Paragraph 78, Heise's sentence would have been lower. The Court made no

reference to the substance of Paragraph 78 during the sentencing hearing, and Heise has made no plausible showing of prejudice from Hughes's decision not to object to Paragraph 78. Paragraph 78 did not affect Heise's criminal history category or her guideline range. The Court sentenced Heise to 70 months imprisonment, a sentence in the bottom half of the guideline range. There is no reasonable probability that Heise's sentence would have been lower if Hughes had challenged the substance of Paragraph 78.

## II. Certificate of Appealability

The Court may grant a Certificate of Appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000) (per curiam). The Court finds it is unlikely that some other court would decide the issues raised in this § 2255 petition differently, or that any of the issues raised would be debatable among reasonable jurists. Thus, Heise has failed to make the required substantial showing of a denial of a constitutional right, and the Court denies a certificate of appealability in this matter.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docket No. 104] is **DENIED**.

2. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in defendant's motion.

The Clerk of Court is respectfully **DIRECTED** to mail a copy of this Order to defendant.

DATED: December 14, 2009            ____s/ John R. Tunheim____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                          United States District Judge